UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| NATHANIEL GATES, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 4:14CV1931 RLW |
| TERRY RUSSELL, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus. After reviewing the case, the Court has determined that petitioner is not entitled to relief as the specific grounds outlined in his petition are not cognizable under habeas corpus. Moreover, even if petitioner could attain relief under habeas corpus, his petition would have to be summarily dismissed due to petitioner's failure to fully exhaust his state remedies.

### Background

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] on November 14, 2014. In his application for relief, petitioner alleges that he had a prior "conditional release" date that the Missouri Department of Corrections has failed to adhere to. He asserts that he should have been released from confinement on August 3, 2013; however, he still remains incarcerated.

Petitioner pled guilty in Clark County Court to receiving stolen property and to two counts of arson on August 5, 2008. *See State v. Gates*, Case No. 07H1-CR00267-01 and *State v.*

---

[1] The Court notes that because petitioner is a state prisoner, his petition should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 995 (8th Cir. 1996).

*Gates*, Case No.07H1-CR00314-01. Although petitioner was sentenced to two concurrent seven-year terms consecutive to one term of five years' imprisonment on December 9, 2008, petitioner received a Suspended Execution of Sentence ("SES"). Petitioner's probation was revoked on January 6, 2009, and he was subsequently sentenced to the Missouri Department of Corrections ("MDOC") on March 11, 2009.

A review of Missouri.Case.Net, https://www.courts.mo.gov/casenet, shows that petitioner's incarceration has been extended on several occasions. On August 4, 2011, petitioner pled guilty in Buchanan County Court to "endangering a correctional employee/prsioner with bodily fluids," and he was sentenced to three years in MDOC to run concurrently. *See State v. Gates*, Case No. 10BU-CR01446-01.

On December 12, 2011 he was sentenced in Randolph County Court in *State v. Gates*, Case No. 11RA-CR00852-01, to an additional three years of incarceration, to run concurrently, after pleading guilty to damage to "jail property."

On January 27, 2012, petitioner was sentenced to an additional five years for each count of a two count indictment in *State v. Gates*, Case No. 11RA-CR00518-01, after he pled guilty to committing "violence to an employee/inmate of the Department of Corrections." Although the first five years of petitioner's sentence was to run concurrently, his second five years was to run consecutively. Thus, his release date was extended and petitioner is currently scheduled to be released from incarceration on April 10, 2018.

On January 21, 2014, petitioner filed a Rule 91 petition for writ of habeas corpus in St. Francois County, Missouri, asserting that he should be entitled to additional time credit on his sentences. He requested both "jail-time credit" and "probation-time credit." On July 13,

2014, the state court found that petitioner was not entitled to the additional time credit. The court found that his request for "jail-time credit" was without merit because his original sentences for which he had been incarcerated were consecutive and Missouri law requires MDOC to apply "jail-time credit" only to one sentence when an offender has consecutive sentences. Mo.Rev.Stat. § 558.031. The state court found that petitioner was serving his first consecutive sentence during the time for which he sought "jail-time credit," and therefore it was not appropriate to grant him credit for that time on his second consecutive sentence. *See Pettis v. Missouri Dept. of Corr.*, 275 S.W.3d 313, 319 (Mo.App. 2008). The court found that "probation time credit" could not be granted without an order from the sentencing court. *See Donaldson v. Crawford*, 230 S.W.3d 340, 343 (Mo. 2007). The state court found that because no such order was issued, petitioner was not entitled to relief. Petitioner did not appeal the judgment, and there is no indication that he filed any further requests for relief in state court with regard to this matter.

## Discussion

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a denial of a constitutional issue are not cognizable in a federal habeas petition. *See e.g., Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir.1997). The instant petition, relating to "conditional release" and/or "early release" does not state a denial of a constitutional issue cognizable in this proceeding.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal*

3

*and Correctional Complex*, 442 U.S. 1, 12 (1979). A state's parole statutes and regulations, however, may create a liberty interest that is entitled to protection. *Id.* at 12; *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." *Marshall*, 57 F.3d at 672. Additionally, the Missouri parole guidelines are not mandatory. *See* 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines."). So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition. *See also Rentschler v. Nixon*, 311 S.W.3d 783 (Mo. 2010).

Even if petitioner's argument was cognizable under § 2254, his petition would still be subject to dismissal. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging an "early release" decision: by bringing a declaratory action against the Parole Board, by filing a state petition for habeas corpus (and subsequent appeals), or by filing a state petition for writ of mandamus. *Wayne v. Missouri Board of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). A review of Missouri.Case.Net reveals that petitioner has not fully exhausted his available state remedies before bringing this action. Although petitioner has filed a Rule 91 habeas action in St.

4

Francois County, Missouri, he did not appeal the state court's denial of his request for relief prior to bringing the matter to this Court. Moreover, there is no indication that petitioner has brought this matter to the Missouri Courts through a declaratory action against the Parole Board or through filing a writ of mandamus against Board, relative to his sentence.

For the aforementioned reasons petitioner's application for writ of habeas corpus will be dismissed. Additionally, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. In consequence, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED and DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 25th day of November, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE